Second case for ORNLR unit is 18-6031, N. Ray Richard, Alan Solberg, etc. Zaitz Trust, LLP v. Bremer Bank, etc. Zaitz Trust, LLP v. Bremer Bank, etc. Mr. Russell. Mr. Russell. Good morning, sir. Good morning, Your Honours. Counsel. Oops, I'm going to... Where do I raise to start this? Good morning. My name is Robert Russell and I'm representing both Zaitz Trust, LLP and NorCal Seeds, Inc. on this appeal from Judge Michael Ridgeway's grant to summary judgment to Bremer Bank as reflected by a judgment entered on November 7, 2018. The sole question on appeal is whether or not the bankruptcy court erred in ruling that there were no issues of material fact and that as a matter of law, debtor Richard Solberg did not conduct a farming operation with his son, Casey Solberg, in 2017 in the form of a partnership named Solberg Farms. Both appellants claim that there is a material issue of fact with respect to whether there was a partnership and that the facts before the lower court support the conclusion that the 2017 crops were produced by a partnership consisting of Richard or Rick, sometimes referred to in Casey Solberg. If grown by the partnership, then Bremer does not hold a superior position into those crops vis-a-vis either appellant, contrary to Judge Ridgeway's determination. We are not arguing that my clients, the appellants, have any type of lien against 2017 crops that belong solely to Richard Solberg, if there were any. That is not our argument. Rather, we are arguing that they have a valid claim in and to crops grown by Solberg Farms, a partnership consisting of Richard and Casey Solberg. In 2017, it's important to remember, Bremer Bank had no secured claim against any crops owned by Solberg Farms and only in 2018 did it perfect a security interest against an entity. And then it was Solberg Farms, Inc., a corporation. The bank argues that even if it's a partnership, Zeitz at least, still loses because it never filed a UCC financing statement against either the debtor or the partnership. What's your response to that? They don't have a claim either, Bremer Bank, against the partnership. But if Zeitz had a claim against the partnership, arguably it at least has an unsecured claim against the partnership, which is in a better position than Bremer Bank. Bremer Bank did not have any perfected security interest or any claim to crops that were grown by the partnership. If it's a partnership and Zeitz didn't file a financing statement, then don't you have a dispute between two unperfected security interests? We have a dispute as to whether Bremer is even a creditor of the partnership. I agree with that. And our position is that there's not been any facts that would support their creditor of the partnership. But in any event, the trust is unsecured. So their fight is, you know, I mean, they have an unsecured claim. I would say that it appears they have an unsecured claim based on the facts that are before the court that have not been fully developed, but that is what it appears as of this time. But again, the issue isn't who's secured or unsecured. So should we affirm as to Zeitz then? I'm sorry? No, because it's still the issue of whether or not there was a partnership. And if there was a partnership, who had claims against it? If it was a partnership, Zeitz made a claim, has a claim clearly against the partnership based on what it did and what it said in the documents submitted in opposition to summary judgment. There's been nothing submitted by Bremer Bank to indicate it has a claim against the partnership. So if you determine there was a partnership, both the secured claim of NORCON and, if you will, the unsecured claim of Zeitz Trust would take priority over any claim of Bremer Bank unless it can show it somehow had a security interest in the partnership. So you're saying that they would be not just unperfected, but not even have a claim against the partnership? Bremer Bank, yes. And why would that be? Because there's no evidence that they loaned money to the partnership. As I understand it, the Solbergs had to find financing. They said that in testimony that was put forth in the briefs. The Solbergs were looking for financing, and the way they got it was holding themselves out as a partnership. Bremer Bank wasn't going to provide any more money. It had to be through someone else, and so they created this partnership, and Bremer Bank did nothing in 2017 to try to perfect a security interest in an entity's property. It only had a security interest in the individual assets of Rick Solberg, and I can't remember, quite frankly, if they had anything against Casey Solberg. So isn't it inconsistent, then, that they created this partnership to Excuse me, what steps did they take to create a partnership? Okay. Well, I think we have in our 25, they don't have to per se sit down and meet and say we have a partnership. Minnesota law is very clear that you can form a partnership even without having a meeting of the minds. If you are engaged in business together for profit, that is a definition of partnership right in the Uniform Partnership Code. Aren't there substantive facts, though, that indicate they did not operate as a partnership with regard to some of the assets, for example, the crop insurance? If they intended to operate as a partnership in 2017, why wasn't the crop insurance put in the partnership name? I mean, Bremer Bank apparently was able to assert their claim about that, and no one is arguing about it. Doesn't that mitigate the fact that a partnership was actually established, or they tried to? I don't believe so, Your Honor. You can't take individual facts and a fact-intensive analysis of whether a partnership existed or not to determine that because there's this one fact, there is no partnership. You have to look at the totality of the facts. And then you weigh those facts. So are you saying to me that a farm operation can operate as a partnership in some areas when it wants to and not as a partnership in other areas if it chooses not? Not at all. But you can have a situation, and we don't know if that exists in this case, you can have a situation where they engage in a partnership as to, let's say, 100 acres, and then some far-off land is separately farmed by one of them. That can occur. Is that in the record, though? Is that the facts we have? Well, in this record, there was far-off land in Kitson County that was rented by one but was farmed by both. So you can have assets contributed by an individual to a partnership even though those assets are titled in an individual's name. Unfortunately, I think it's rampant. People do not keep track of whose property is whose when they come into a partnership, and they just utilize it, and then in retrospect, and then they combine all the assets. For example, they didn't know here whose crop was in what bins. They could not account for how to separate the crops in any of the testimony. They kept referring in their depositions to we, we, we, we needed financing.  We did that together. The evidence is complete, thorough, that they had in their mind a joint operation. Did they have an agreement on division of profit? We don't know that, Your Honor. The record hasn't been developed to determine that. Is that required under Minnesota law to have a partnership? No, no. You can have, because the law is clear that you can have a partnership without intending it to be one, you have a situation that basically creates a mess, because if the parties don't ultimately agree as to the division of the profits and the expenses, then it's going to end up in court. But you're contradicting yourself because you say that these individuals, either they intended or didn't intend a partnership, but you're saying they had one. Don't they have to do something with the proceeds of their efforts? I mean, they can't, I mean, how do you have a partnership if there isn't some division of those proceeds? There has to be a division of proceeds, but the record does not here support anything as to. Okay, I understand that. But that's a separate question. Wasn't it, you know, isn't it the responsibility of some party to say, and they also decided they were going to divide these profits, because we can't look at a record we don't have in front of us, and there's a failure in the record to establish that. Is that a requirement to determine that a partnership exists, that they did something together with money, whether it was bank accounts or tax returns or the splitting of profits, something about the money? That would, I believe, Your Honor, be one factor. However, if they never got around to it, or there was an intervening bankruptcy by one party, as there was in the case here, things go awry, and we don't know what happened afterwards. And they took positions in their bankruptcy that may be entirely inconsistent with what they actually did in the year the crops were gone. In 2017, they had vehicles that were Mark Solberg farms. They interchanged assets. They took fuel from the same fuel tank. The son paid for some repairs for the father. Did they do that in years before 2017? Your Honor, we don't know that, quite frankly, and we haven't had a chance to develop those records, that information as well. And so there is sufficient evidence in this record to support a conclusion that at least under Minnesota law, which applies here, there is a fact question as to whether or not a partnership existed in 2017. And I'm afraid Judge Ridgway was premature in ruling on the record before him that there was no partnership as a matter of law. I want to make sure I understand your answer to the question about division of profits because this is a critically important question. It's a two-fold question. What's the Minnesota law on that question? Is dividing profits a requirement without which you cannot have a partnership? Secondly, if it is, is there any evidence in this record that these parties divided profits? No, Your Honor. There is no requirement in Minnesota law that there be a division of the profits. There is a presumption, but the only definition of partnership is as I related to you, a business carried on for the purpose of creating profit. It just says nothing in the statute about with an agreement as to how those are divided or how they're to be allocated. And the case law doesn't address that question? It's only a factor that's to be considered in the ultimate question of whether or not there's a partnership. If I may, unless there's further questions at this point, I would like to reserve my... I do have one further question. The argument is also made by your opponent that even if there was a partnership, there's a question about whether the property which produced these proceeds, about which you were arguing, was partnership property. And they claim that it was not or that the record does not establish that it was. What is your response to that question? Some assets were jointly owned. Some assets were commingled. Assets were stored together, all stored on Casey's property. If I understand your question correctly, I don't know how it matters as to, again, what happens out there in the country is people get together, work together, and contribute their assets to it. It happens all the time. But you just said earlier that they could have farmed some land as partnership and other land as not. I don't know that. I said hypothetically you could do that. No, but my question is that there can be property that wasn't partnership property. There's a statute which talks about the question of what's partnership property. And your opponent cites that and says there are some requirements to find that it's partnership property, and he says that you don't comply with that. That is incorrect because where it's cited is in what NORCON took when it gave its receipts. The invoice for the seed. Right, and the invoice has specifically said Solberg Farms. Is that all that's required is to have the name of the partnership without a notation of its being a partnership? Yes. You never see something when you see a partnership. I used to be in a partnership. When we sign documents, informal documents, when things are delivered in something, the firm name may be on it, but we never had afterwards a partnership. I'm not concerned about what people's practices are. I'm concerned about what the law requires. The law does not require, say, a partnership. So you believe that the evidence in the record shows that as to the proceeds you are fighting about, they are, pursuant to that statutory requirement, partnership property? Yes. Very good. Thank you. Any further questions? Thank you. Mr. Sinclair. Good morning. Thank you. I have before me pages 18, 19, and 20 of the appellant's brief. And the appellant's brief is citing 1933 and 2005 case law. And the appellant's brief says the question of a partnership depends upon the consent and the intention of the parties. And further on, it provides on page 18 that all that is necessary is that there has to be competent evidence to show that parties have entered into a contractual relationship by which they've combined their property, their labor, their skill, for the purpose of joint profits. And today you have not heard the appellant's talk about the depositions that were taken in this case. We took the depositions of Richard Soberg and we took the deposition of Casey Soberg in April before this adversary proceeding was tried by the judge by summary judgment. And everybody was notified that we're doing depositions. It was a 2004 deposition. The court approved it. Nobody wanted to attend the deposition other than Remmerbank and the debtors. I mean Richard Soberg and his son, Casey Soberg. Was it a 2004 examination or a deposition? I'm sorry, it was a 2004. We requested a 2004 examination, so we did a deposition or examination of Richard and we did a separate deposition of Casey Soberg, his son. We wanted to find out about what they did in 2017 to verify if there's any commingling of assets. And also they had filed a disclosure statement saying they're looking in the future of having a joint venture for 2018. So that's the reason we took the depositions. In the depositions, Richard testified, as the brief provides, that number one is that Soberg Farms is sole proprietorship of his and that is portrayed in his bankruptcy petition. Pages two and four makes reference it's a sole proprietorship of his. Makes reference in his disclosure statement on page four that he's been farming as a sole proprietor, Soberg Farms. And we think the reason he farmed in 2017, Soberg Farms is sole proprietor, is to try to circumvent Bremer Bank's liens because if he sold the crops in his name, our lien would show. So he tried to circumvent it by having Soberg Farms as sole proprietor. But Richard testified that he farmed 7,500 acres himself, he had a separate farm operation from his son, that he had separate FSA records from his son. Are you suggesting that the record does not indicate there's any support that he did form a partnership? Correct. I'm saying that the record is void of any probative, specific, and significant facts that would prevent Bremer Bank from obtaining summary judgment on the issue of a farm partnership. But isn't the question of intent just by its nature factual? And so he may have done all of these things in the past, but maybe they decided to do a partnership in 2017. Isn't that a factual issue that we have in front of us, even though there isn't any agreement? No. In this case, the Bremer Bank asserts that it met its burden of proof for summary judgment, and so the burden shifts as we're all aware of upon, in this case, NORCON and Zietz Trust. And in this case, the only thing they've asserted, they've ignored the deposition testimony, they've ignored the bankruptcy petition, the disclosure statement, they've ignored all of the records that exist, and they've also ignored the absence of records, which are there's no partnership tax returns ever filed, no partnership financial statements, balance sheets, depreciation. Okay, what you're doing is citing all the factors which support your side of the argument. There are a number of other factors that are cited by the appellant that tend to go the other way, but the threshold question, is it not, is whether or not the question of partnership is a question of fact or a question of law under Minnesota law. The question of whether or not there's a partnership is a question of fact, but if there isn't any genuine issues of fact that supports that there's a partnership, then the court is correct in granting Bremer Bank summary judgment. Okay, so you're admitting that the question of whether or not there's a partnership is a question of fact, but you're saying that you believe there's just no genuine issue of material fact because the appellants did not put enough contrary facts in the record? They didn't have any significant or improbative facts to support that there's a partnership, correct? Well, I drew a whole list of them out of their brief, like 11 of them. So you're just saying that's not enough, and on what basis do you say that's not enough? It seems to me there are a lot of things that show that they worked together. They worked together with some joint ownership of equipment. They apparently... Well, just take one, for example. They did have a federal identification number for farms, didn't they? No, Richard testified that he obtained a number for Sobert Farms, but he still has his petition and his testimony, and he says that that was his sole proprietorship and was not a farm partnership. That's how he testified, both him and Casey testified. Well, there's a pause, and people are thinking. Can you explain to me this disclosure statement? Was that something that's part of this record? Yes, when we did our motion for summary judgment, we cited the docket that also we cited the bankruptcy petition, which disclosed on page 2 of his petition that he was doing business at Sobert Farms, Minnesota. But you used the term disclosure statement. Is this a Chapter 11 case where there's a history of what the farming operation was? Yes, there was a disclosure statement filed January 29, 2018. And is that part of this record? Yes, we cited that in our brief, the disclosure statement. And the disclosure statement on page 3 says the debtor is a sole proprietor. And the disclosure statement says that the debtor in the past has shared labor and machinery with his son, but it still said he's a sole proprietor and operates his own farm operation. And on page 4 of the same disclosure statement, it says once again, he's a sole proprietor and he's solely responsible for the management of the business decisions relating to his farming operation. And in it, it says for the first time, he's proposing to operate with his son as a joint venture for 2018. He filed in 17. Our issue is dealing with 17 crops. So for the first time, he's looking at combining with his son. And part of it was his son was not in bankruptcy, and part of it was his son may have had ability to get financing to assist the farm operation. They rely upon, one of the things that they rely upon, is the farm partnership is Norcan Seeds. You've heard him say, and it's in the brief, that with Norcan Seeds, they refused to provide any product to Richard Soberg. And they said the only way they'll do it is if Casey Soberg's involved. So on the seeds invoices, it says Richard Soberg, and then somebody wrote Soberg Farms, and Casey's name is on it. But Casey's testified, I've never operated as a farm partnership with my father. I've always been my separate operation. So in this case, Casey Soberg has become a joint obligor, or more or less a guarantor, of Richard's entire bill. So it's a situation that just because they said, we're not going to give the seed to Richard alone, because of his finances, and then they gave the seed to Richard and Casey, and wanting Casey to also be liable, because Casey didn't have the financial concerns that they had as to Richard, that doesn't, because of Norcan's actions, put them into a partnership. It just simply creates a joint obligation, or Casey's a guarantor of Richard's debt. Where is the 2004 exam in the record that was designated? Can you tell me? What was it? It was, we've cited throughout our briefs, the pages of the depositions and the. . . But were they designated? I mean, was it filed on the docket, and was it designated as a docket entry, or as an exhibit? It was referenced in the docket. It was part of our summary judgment brief, and it was referenced in the docket. But is the entire transcript somewhere? Yes. It is supposed to be referenced in the docket, and the docket would be our summary judgment brief, and as part of the summary judgment brief, we had all the exhibits, which included Bremert Bank's collateral, and it's also included was the deposition testimony was part of our brief, all attached as one. And that was, I believe, docket entry number 27. Thank you. The other thing they contend is that there was a lease one time with Concurrence and Hocken, lease dated back to 2012. And they said all of a sudden in 2012 to 16, there was separate leases between Casey and the landlords and separate leases between Richard. And then they're saying in 2017, somebody put on the lease that says Richard, and it says parentheses Soberg Farms and Casey Soberg. The leases were signed by Richard Soberg. Any lease that was signed by Casey just had Casey's name. It did not say a partner of Soberg Farms. It had Casey's separate signature. And Casey had previously rented land in his own name previously from the same landlords. That doesn't demonstrate that there's a partnership. Thank you. There's an absence of any joint profits. As the law cited by the appellants provides, it says that to have a partnership, people are supposed to combine their property, labor, and skill for the purpose of joint profits. There wasn't any joint profits. They've always had separate profits. I've always accounted for the profits separately. There's never been any joint profits or any accounting as to if they put their farm operations together as to certain land produced certain profits for one or the other. It's always been separate accounting. And they both testified to that in their depositions that we had in this case. If you had a chance, I'm not aware of any other factors that they've listed contending that there is a farm partnership. Yep. Well, here are the ones we drew out of the brief if you want me to take the time to lay them out. The invoices for the seeds purchased from Norcan were signed by both the debtor and his son. I talked about it. Zeitz Trust rented land to Solberg Farms, hyphen Rick Solberg. And Rick Solberg testified in his deposition that he was trying to get some financing. See, but my point here is that when I show one of these points, you have a counter to it. But you're arguing the weight of the evidence. We're trying to simply determine whether or not they put in enough for there to be a genuine issue of material fact. Aren't those two different things? You're saying our evidence is better than their evidence. That's not the issue here. The issue is whether there was enough to say that there was at least an issue of fact that summary judgment should not have been granted. What happens in this case is that they're trying to grab at any sort of transaction that occurred to contend there's a partnership. And the deposition clearly provided that as to this Zeitz Trust land, Richard tried to obtain financing, could not obtain financing, so he sublet 850 acres of the Zeitz Trust land to his son. His son testified he paid his dad $30,000 rent for the 850 acres. The son testified he paid for his own chemicals. He sprayed the chemicals on that property. And the son testified that it ended up with those 850 acres, and Richard testified too, with 850 acres, there's a crop claim. There's crop insurance on it in the name of Casey Sobert. Casey had a crop claim, and Casey got the 850 acres of crop insurance. And the crop insurance was paid to Casey and to his lender. So the depositions are clear that they're trying to muddle the waters and say that there's a partnership, but the testimony was clear that Casey sublet it. He paid his dad rent. He paid his own chemicals on it, did his own spraying on it. He had a claim, and the claim was in his name and his lender's name. Never a partnership name. There's no insurance in the name of partnership. You're talking about the Zeitz Trust land? Yes. Well, the debtor signed the lease, right? Richard Sobert signed the lease. And his son purchased the crop insurance, right? Because Richard sublet 850 acres to him. Was the crop insurance only on those 850 acres? And Casey put the crop insurance on the 850 solely in his name. And Casey got the money. And that's what the record shows, both of their depositions. We're just saying as they're trying to pull whatever facts they can. And once again, I'm saying when they cite a fact, you've got to counter, but isn't that what trials are for? Yeah, but there isn't a genuine issue of fact. It's clear what occurred. So what is a genuine issue of material fact? What does the law of summary judgment tell us? How is it defined, and how does that apply in this case? Sure. Summary judgment provides that Bremer Bank, as a moving party, has to demonstrate to the court that it's entitled to the relief it requested, that there isn't genuine material facts that would prohibit Bremer Bank from receiving summary judgment, and that as a matter of law we're entitled to the relief requested. So at that time, the issues were at that time was all the lien issues, which now they've agreed that they don't have valid liens, and as of the last minute they raised these issues about a foreign partnership. So we addressed those issues in the brief before the court. Then the law says that Bremer Bank has met its burden, which the judge read on the record and went through his decision in the Inouye-White case, which the judge went through all the issues dealing with summary judgment and the factors of summary judgment. And the judge then on the record said the burden shifts now to Zait's Trust and Norcan, and the court went through the fact that with the burden on Zait's Trust and Norcan, they have to prove by competent, probative evidence that there is in fact some sort of a partnership. And the judge found that there wasn't any probative or substantial evidence. What did they offer? They didn't offer deposition testimony. We did. They didn't offer any affidavits of any party. They offered Ellen Fish's affidavit. Ellen Fish said, Attach your two or seven documents and also a transcript of the first meeting creditors. That's all that they attached. That's all the facts that they used to try to counter Bremer Bank's assertion that there wasn't any genuine issues of fact and Bremer's entitled to summary judgment as a matter of law. So the facts that Judge Dow references, like they had a, you know, there are seven or eight or ten. I only got halfway through my list. Yeah. Where did those come from? Did they come from the deposition or did they come from evidence that was submitted by Zaitz or Norcan? It comes from bold assertions made by Zaitz and Norcan that these transactions suggest that there's a foreign partnership. Did they put in any affidavits from Casey Solberg or Richard Solberg? No. Okay. They used the first meeting creditor's testimony and they had an Ellen Fish affidavit that says she was the attorney representing Zaitz Trust. Thank you. I did not see you saying in your responsive brief after they had laid out these things that, oh, those things were inadmissible or there was no evidence to support them. You just countered them by saying there are other explanations or there are other facts. I don't remember your saying in your brief that any of these things, which I was detailing or other things that they detail, were inadmissible evidence or not supported by anything that was placed in the record below. Did I miss that? We did not assert that anything that they were asserting was inadmissible evidence. We asserted that their assertions did not demonstrate any genuine issue of fact that there's a foreign partnership. It was based upon the fact that we already have debtors testifying there isn't a foreign partnership. So if you look at it, what documents and what evidence are they going to have if there's a trial in this case saying there's a foreign partnership? You don't have the debtors testifying to it. Well, that's just a layperson's characterization of what he did. That's not going to be binding on the court. There are a set of factors the court looks at to determine whether there's a partnership, and that's going to be what's determinative. Correct? Sure. And those set of factors, once again, they'll look at was there consent and intention to have a foreign partnership. And everybody's testified no. Then the other factor is was there parties agreeing, contractually agreeing to combine their property for the purpose of joint profits. And there is no contract. There isn't an oral contract. There isn't a verbal contract. They both said no, we had separate. There isn't any document supporting a foreign partnership. Well, a contract can be established by conduct, and it can be implicit, right? That's correct. And I'm saying there isn't any evidence demonstrating that, that there's any implicit foreign partnership. They kept everything separate and distinct. There isn't any or there just isn't as much as you would like or the quality of your evidence you think is better. I'm saying there isn't any competent evidence saying that there's a foreign partnership. Real quick, because I'm running out of time, I want to get to real quick is the law of the case. What's interesting with the law of the case is we had a claim filed by RRV saying that their landlord and they filed a claim properly under the name of Richard Solberg, and everybody agreed they had a valid and forcible lien. So that demonstrates at least $79,300 of Richard Solberg's 2017 crops that he farmed or land that he farmed, 7,500 acres, was in fact grown by Richard Solberg and nobody, the appellants, did not object. And what's also interesting... How does that inform the question we have to decide, which is the interest in a different set of proceeds produced from a different operation or tract of land? Well, what's interesting is if you add in the crop insurance proceeds, it once again demonstrates that Richard Solberg farmed this land. It wasn't a farm partnership. Those monies were $582,000. So over 58% of the money generated in 2017 came from Richard Solberg solely farming the real estate. So as to the other 42% of the income, they've never demonstrated what crops that income came from, where those crops were grown, who the landlords were of that crop. They've never demonstrated that with the other 42% of the income that it was farmed as a partnership. They just make bold assertions. But we know that 58% was farmed by Richard Solberg individually. They've consented to it as part of the law of the case. Did the court make some determination or was it stipulation? Well, first of all, as to RRV, they agreed. They didn't contest RRV's claim. So it wasn't something that was litigated and decided by Judge Ridgway. It was a product of the party's agreement. Judge Ridgway decided it because RRV was a party to the complaint, to the adversary proceeding, and nobody objected to them having a valid claim because everybody recognized it was a valid claim. So Judge Ridgway did, in fact, find that RRV had a valid claim. Then Judge Ridgway found that Richard Solberg, because he insured the crops for the $582,000 of crop insurance proceeds, that those were Richard Solberg's. They were not partnership monies. And that was subject to Bremer Bank's sole lien. So once again, we're at 58% of the total crops were grown by Richard Solberg. And that's the other 42% of those funds for 2017. There's no proof that it was a farm partnership. There's no proof as to what crops were grown. There's no proof as to what land those crops were derived from. And we're saying once again, there's no competent proof that there's a farm partnership. I've just got three seconds. Thank you. Thank you. It was a pleasure. Judge Shimer, may I see your code and rules, please? Thank you. I forgot to lower this, but you're pretty tall. I apologize. I want to first comment on this record on appeal that's being raised for the first time at oral argument. I don't believe that's appropriate. I wasn't representing my clients at that stage of the proceeding, but I could see a tactical decision being made based upon the amounts involved of not doing anything about it. That doesn't mean that my clients should be bound by something that doesn't affect their particular claim. And the lynchpin of that- Are you referring now to his law of the case argument? Yes. Okay. Yes. The lynchpin of Bremer Bank's position is that intent controls everything, and you can ignore everything we've put in the record. And I actually had put together a list of 25 different things, but I probably subdivided them more than your list of 10 to 13. Lynchpin is intent, but I just need to read specifically the statute that controls. 323A.0202A states, the association of two or more persons to carry on as co-owners of business for profit forms a partnership whether or not the persons intend to form a partnership. That's specifically in the statute. And there is cases that are cited in my brief where it was found even though they had announced the intent not to form, they had formed a partnership. That case would be Cyrus v. Cyrus, a 1954 Minnesota Supreme Court case. In that case, the court wrote, since there is no arbitrary test for determining the existence of a partnership, each case must be decided according to its own peculiar facts. Another case where they said that even an expressed intention not to form a partnership may not defeat its formation, cited in page 18 in my original brief. And I don't disagree that that may be the legal standard, but in a motion for summary judgment under the federal rules as they now exist, aren't you required to submit evidence of there being a partnership? And I know that there may be a difference between what evidence is presented and how it's weighed, but, you know, if you cite to ten things that indicate there's a partnership but we have affidavits and depositions and other facts submitted by your opposing party, doesn't that go to the weight? I mean, why should we have a trial? I mean, what evidence are you going to – what evidence – Much of that evidence comes from those depositions, the transcripts. So? And that is testimony that is, in effect, submitted for everyone. We can use it as much as they can use it. Yeah, and did you – We had an affidavit also from NORCON's representative that he failed to mention that was in the record that referenced all of those items about NORCON selling seed, where it says NORCON was unwilling to sell to Richard Solberg individually. How do you overcome the evidence that's in the record that the debtor says he operated as a sole proprietorship? Doesn't that go to his intent? Again, the statute says whether or not the persons intend to form a partnership. Did they conduct a business for profit? They obviously conducted a business together for profit. That is a partnership. Whether or not they intend to form a partnership, we've been arguing against this presumption that because they have disclaimed, I would say for self-centered reasons, any purpose in forming a partnership in 2017 doesn't undo the facts where they kept saying in their record, we were trying to get some financing help. We worked together. But getting financing help doesn't establish a partnership. What's going on, Your Honor? I'm sorry. We, throughout the exam, asked about planning decisions, harvesting, putting grains in bins, hauling it, making repairs to equipment or improvements to land, and how they shared in making decisions about 2017 expenses. They kept referring to we in their testimony. When asked about changing his and his brother's corporation name in 2018 when the brother transferred his stock to Casey, the son, debtors stated, if we keep things together, if we keep things together. That cited reference to it is on page 13 of my brief. That presumes that they were already together. The debtor constantly, even though he was only subject to the examination by Bremer's attorney and no cross-examination at a 2004 exam and a Richard Solberg bankruptcy. Let me ask you another question. What's the point of sending it back? I mean, if we agree, okay, it's a question of fact, there was enough for a genuine dispute, we're going to have the same trier of fact, right? No. We will have a chance to develop what was done with the income tax records. You're getting a different judge? No. Well, he just asked you, aren't you going to have the same trier of fact? Oh, yes. I thought you meant the same facts. I wasn't listening. Well, that's my second question. Had discovery terminated? Are you saying that there was a need for more discovery? Did you raise that issue with the trial court? Yes, there was a need for more discovery. The final, the seven part. You didn't request it, did you? It had been indicated in the briefing process for the summary judgment motion that there had not been sufficient time. They didn't request an extension of time for discovery. They did not request an extension of time for discovery. I guess my time is up. Thank you very much. Thank you. The court will be in recess until further notice.